HEIRS OF MARÍA ANTONIA PAGÁN Y ASENCIO, Plaintiffs and Appellees, *v.* HEIRS OF JUAN ASENCIO PADILLA, Defendants and Appellants.

No. 5824. Argued April 18, 1933.—Decided April 28, 1933.

*Miguel A. García Méndez* for appellant. *P. Fajardo Martínez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This case was decided by a judgment in favor of the plaintiffs, entered on July 13, 1931. The defendants appealed, assigning in their brief three errors: the first claimed to have been committed in overruling the defense of prescription; the second, in overruling the demurrer to the complaint for failure to state a cause of action; and the third, in weighing the evidence.

. At this stage, the parties, on July 29, 1932, filed a stipulation which states:

"That they have agreed to request this Honorable Court to decide in this case the question of law raised by the appellant in the first error assigned, as to whether or not an action for nullity of a contract, based on the alleged incapacity of a testatrix, should be held barred by prescription, where there has been no previous finding of

incapacity, and more than four years have elapsed from the date of the death of the testatrix to that of the filing of the nullity action by the plaintiff.

. "The undersigned counsel submit this stipulation to this Honorable Court, and waive a setting of the case for public hearing on the said question, in order to gain time, and for the benefit of the profession in Puerto Rico, since this is the only fundamental issue of law raised by the appeal taken in this case."

The stipulation was approved by the Court, but it imposed on the parties the duty of complying with the provisions of Rule 63, that is, of filing printed briefs. They did not do so, and the appeal was again set for hearing on April 18 of the present year. The parties failed to appear, and, in view of the surrounding circumstances, the Court ordered that they be heard in writing, or in open court, on April 24, as to whether or not the question involved in the case had become academic.

The appellant filed a written statement, of which the opposing party was notified, to the effect that:

" . . . the decision which has been requested of this Honorable Court has been so requested by both parties, who have incurred in the expense of preparing the record and the briefs, because they felt that the question of whether or not the doctrine of the case of *Heirs of Cabrera et al.* v. *Aponte,* 29 P.R.R. 874 should be confirmed, is of great interest to the profession, since the matter involves a fundamental question of law. That which concerns the material result of the action has been the subject of a settlement which has already been approved by the lower court, so that, pursuant to the order of this Honorable Court, we are bound to state that, with respect to the said material result, the question involved is academic."

The appellee has said nothing.

It positively appears, therefore, that the case has been settled, and that the appeal has been kept alive only because the parties desire to obtain a decision by this Court on a point of law which they consider of interest to the profession. There is no real controversy between them, and the

general rule, definitely established by the jurisprudence, is that, as appellate courts are not constituted to render opinions on moot questions or abstract propositions, an appeal will be dismissed where no actual controversy exists between the parties at the time of the hearing. See 4 C.J. 572.

There are some exceptions, but the instant case does not fall within them. It does not appear that a question of public interest of such magnitude as to demand the intervention of this court is involved. The *Cabrera* case, *supra,* to which the appellant's statement refers, has remained unaltered since it was decided in 1921, and judging from the briefs of both parties, the doctrine of that case is not challenged, and the parties only seek to define the scope of that doctrine in connection with the facts of this case.

The appeal must accordingly be dismissed as academic.